I concur with the majority in regard to its analysis and disposition of the third, fourth, fifth and sixth assignments of error. I respectfully dissent from the majority in regard to its analysis and disposition of the first and second assignments of error. I would remand both the first and second assignments of error to the trial court for further action. In regard to the first assignment of error I would find that the trial court applied an incorrect standard in evaluating whether or not spousal support should be ordered. The trial court found that "[u]pon full consideration of the factors enumerated in R.C. 3105.18(C)(1)(a) through (n), the court finds and determines that an award of spousal support is not necessary or appropriate, as the plaintiff has testified that she has no current financial need for spousal support, that plaintiff is employed, and that plaintiff's income exceeds her normal expenses." It is clear to me that the trial court based its decision of whether or not to grant spousal support on the issue of appellant's financial need. A review of the wording in the statute makes it clear that need is not the only criteria to be focused on in determining whether to grant spousal support. In fact, the word "need" or "necessary" only appears one time in R.C. 3105.18(C)(1)(a) through (n). It appears under (k): "[t]he time and expense necessary for the spouse who is seeking spousal support to acquire education, training or job experience . . . to obtain appropriate employment. . . ." The trial court determined that spousal support was not "necessary or appropriate". R.C. 3105.18(C)(1) indicates that the factors enumerated thereunder should be used by the trial court to determine whether spousal support is "appropriate and reasonable." While I agree that an analysis of the parties' incomes and expenses is an essential part of determining the spousal support issue, the determination of expenses of each party is not included in the list of criteria under R.C. 3105.18(C)(1)(a) through (n), except to the extent that one can stretch the word "liabilities" to include the reasonable monthly expenses of the parties. The trial court seems to be saying that if a party has no need for spousal support in order to meet expenses, then the other factors under 3105.18(C)(1) are irrelevant. I would make no determination at this time as to whether the award of no spousal support to the appellant was an abuse of discretion, but would find that the trial court's analysis of this issue based only on appellant's financial needs was inappropriate and I would remand this matter for the trial court to determine whether spousal support was reasonable and appropriate under 3105.18(C)(1) and the factors enumerated thereunder. In regard to the second assignment of error, I would remand the matter to the trial court to correct its findings as to the pension. The parties were married in 1983, but appellee began the employment which resulted in the Ohio Operating Engineer's pension on September 1, 1992. The pension evaluation that was done and submitted to the trial court found that $3,916.23 of the $29,482.95 present value of that pension accrued outside the marriage and was, thus, non-marital property. The pension was evaluated as of January 19, 1999. The assumptions used by the pension evaluator were that the date of the parties' divorce would be January 5, 1998, and the last date of employment for the appellee would be October 31, 1998 (over nine months after the divorce). The trial court found the duration of the marriage to be from May 20, 1983, through February 17, 1999. Therefore, as of January 19, 1999, (the date of the pension evaluation), all of appellee's pension had accrued during the marriage and was marital property. The pension evaluator made an incorrect assumption regarding the ending date of the parties marriage and concluded that a portion of the pension accrued after (or outside) the marriage. The trial court found that the portion of the pension which the pension evaluator concluded accrued outside the marriage accrued prior to the marriage. The trial court then found that portion to be pre-marital property of appellee. These errors resulted in the mistaken finding of the trial court. I agree that the mistake of the trial court does not affect the final order of the trial court dividing that pension. The trial court grants each party 50% of the marital portion of this pension, and the marital portion is to be determined by a coverture fraction. The numerator of the coverture fraction is appellee's years of service under the plan that were earned during the marriage, and the denominator is appellee's total number of years of service under the plan as of appellee's date of retirement. Appellant's benefit is calculated by this method. Neither the present value figure for the pension nor the trial court's mistaken finding that a portion of the pension is pre-marital should affect appellant's benefit, but I would remand the matter so the trial court can correct its finding just to avoid any confusion in the future regarding the division of this asset.